UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br><br>             Plaintiff,<br><br>   v.<br><br>ATTA NIKHAH, et al.,<br><br>             Defendants. | Case No.: C 08-05552 PVT<br><br>**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE TO RENEWED MOTION ON FURTHER SHOWING**<br><br>**[Docket No. 14]** |

Plaintiff Melina Razavi had previously moved for appointment of counsel based on the nature of the claims alleged in her complaint.[1] On April 27, 2009, plaintiff renewed her motion for appointment of counsel on the grounds that she has been "very sick over this case and . . . cannot work on the case by [herself], and [has] been unable to find or afford an attorney." Based on the file herein,

IT IS HEREBY ORDERED that plaintiff Razavi's second motion is DENIED without prejudice to a renewed motion in the event plaintiff can make an adequate showing that she qualifies for appointment of counsel. As set forth in the prior order dated January 23, 2009, "[t]he court may request an attorney to represent any person unable to afford counsel" pursuant to 28 U.S.C.A. §1915(e)(1). ("January 23, 2009 Order"). However, "[t]here is no automatic right to the

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

appointment of counsel; and in a civil case, a federal court has considerable discretion in determining whether to appoint counsel." *See, e.g., L.C. Hall v. Trisun,* Not Reported in F. Supp.2d, 2005 WL3348956 (W.D. Tex.). Absent specific statutory authorization, an appointment of counsel may be made in "extraordinary circumstances." *Id.* (internal citations omitted). A finding of "extraordinary circumstances" generally turns on two factors: (1) the type and complexity of the case; and (2) the abilities of the individual bringing the action. *Id.*

In the present case, plaintiff has not shown "extraordinary circumstances" that warrant an appointment of counsel. She has alleged, *inter alia,* that defendant Nikkhah sexually assaulted her and that certain law enforcement personnel failed to investigate and prosecute her claims. Plaintiff has shown only financial need (based on her previously-filed IFP) and an inability to locate counsel to assist in the prosecution of the above-captioned action.

IT IS FURTHER ORDERED that this order is without prejudice to a renewed motion for appointment of counsel in the event plaintiff is later able to present extraordinary circumstances that warrant further review.

Dated: April 28, 2009

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*

1 | copies mailed on    4/28/2009    to:

2 | Melina Razavi
PO Box 53034
3 | San Jose, CA 95153

4

5 | _____EHP_____
Chambers of U.S. Magistrate Judge
6 | Patricia V. Trumbull

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER, *page 3*